MONICA SHUCK, ET AL. *v.* FINLEY SHUCK, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—373.]

**Lien Created and Retained in Conveyance in Partition and Sale of Real Estate.**

When by way of partitioning real estate between heirs to carry out the terms of their ancestor's will, three of five heirs convey their interests to two of the heirs, retaining a lien on the whole tract thus partitioned, such a lien so created before the two heirs became indebted to a creditor exists on the whole of the land partitioned, and is superior to the lien of a judgment and execution thereafter obtained against the land in the hands of said two purchasing heirs.

APPEAL FROM MARION CIRCUIT COURT.

November 14, 1885.

OPINION BY JUDGE LEWIS:

By the will of John Shuck, W. B. Harrison, executor, was authorized with the written consent of his five devisees to sell his estate and, subject to a provision for the widow, to divide the proceeds equally among his five heirs. But instead of doing so he brought an action for a settlement of the estate and a division amongst the heirs.

March 1, 1876, but whether before that action was commenced or while it was pending does not appear, Octavia Harrison, Fannie Cooley and Minerva McAfee, three of the devisees, and their husbands, Harrison being one, sold the home tract of one hundred sixty acres to Joseph and Finley Shuck, the other two devisees, for $8,000, to be paid in five years, together with six per cent. interest payable annually to W. B. Harrison, executor, and in writing covenanted to convey upon a compliance of the terms of the contract, a lien being retained for the purchase-price.

In August, 1877, a report by commissioners of the value of the

estate, real and personal, and also of a division thereof, in which was specified the property allotted to each devisee, was made to court in the action mentioned. At the same time the judgment was rendered confirming the report, determining that in addition to the value of the advancements received by the different species of property allotted to the several devisees they were entitled to the following sums: Joseph Shuck, $2,621; Octavia Harrison, $615.48; Finley Shuck, $649.21; Fannie Cooley, $3,405, and Minerva Mc-Afee, $1,190.60. By that same judgment the previous sale of the one hundred sixty acres to Joseph and Finley Shuck was confirmed, and they were required to execute to each of the other three devisees a note for the amounts first mentioned as due them, respectively, payable in four years from March 1, 1877, with interest payable annually, and Joseph and Finley Shuck were to be credited on the price, $8,000, they had agreed to give for the one hundred sixty acres by the two sums mentioned, of $2,621 and $649.21. They did execute the three notes, and in each it was stipulated a lien on the entire farm for which it was executed was reserved. In July, 1881, a deed of partition was executed by the five devisees, the husbands of the three married women, uniting, by which the titles to the several parcels of land allotted in the division made by the commissioners were conveyed to the parties to whom they were respectively allotted. In the same instrument the one hundred sixty acre tract was conveyed to Joseph and Finley Shuck, it being recited therein that by agreement between the devisees of John Shuck, deceased, Joseph and Finley were to and did take the one hundred sixty acres at $8,000 to be accounted for in the division, and that in carrying out that agreement the commissioners had ascertained and fixed the several sums before mentioned as due the other three devisees respectively, for which the three notes had been given.

In 1882, appellants, creditors of Joseph and Finley Shuck, had executions levied upon all their property, including the one hundred sixty acre tract. In an action subsequently brought by them, to which the other three devisees were made parties, they sought to subject the one hundred sixty acres to the payment of their debts. As the one hundred sixty acres which has been sold under an agreed judgment brought only about $8,000, not enough to pay the notes held by William Harrison, William Cooley and William

McAfee, and the accumulated interest, and also pay the judgment creditors of Joseph and Finley Shuck in full, the question is presented on this appeal whether the lien for the purchase-money exists on the entire tract, or whether appellants are entitled only to the extent in quantity and value, that the proportion the amount of the lien notes, bear to the value of the entire tract.

The court below adjudged that the entire balance of the three notes and interest given by Joseph and Finley Shuck for purchase-money should be first paid out of the proceeds of the sale, and the residue paid to the judgment creditors. In our opinion the judgment is correct, for not only are the owners of the three purchase-money notes equitably entitled to preference to the full amount of their debts, but they are entitled to a lien upon the entire tract in virtue of an express contract between them and Joseph and Finley Shuck made at the time and as a condition of the sale of their interest in the land, it being in terms stated in each note that the lien was reserved on the entire farm.

By the terms of the contract of 1876, there was to be one note only given for the purchase-price for the one hundred sixty acres, and that was to be given to Harrison, executor. But the judgment rendered subsequently directing the note so to be given to the three devisees instead of to the executor was in pursuance of an agreement to divide instead of selling the estate, and with a purpose of carrying out the intention of the testator to divide equally amongst the five devisees. To restrict the lien of the three devisees to less than the entire tract, and thereby defeat the collection of a portion of the purchase-price, would practically defeat an equal division of the estate of the testator, and to that extent nullify the contract between the parties as well as the judgment rendered in the action brought for a settlement and division.

It was not merely the individual interest of the three devisees in the one hundred sixty acres that formed the consideration for the notes given them, but they were, long before the execution liens existed, given in pursuance and consideration of a division and partition of the whole estate, the essential and inviolable condition of which was equality that can not be preserved without paying the full amount of the three notes and interest out of the proceeds of the land.

If Finley Shuck was entitled to a homestead exemption at all,

and counsel does not contradict his right, he was undoubtedly, as between him and his creditors, entitled under the statute to $1,000 and no less, if the proceeds of the land after paying the notes given for the purchase-money amount to that much.    Joseph Shuck, who alone could question his right, does not complain.    The creditors have no right to do so.

Judgment *affirmed.*

*Rountree & Lisle, for appellant.*

*Samuel Avritt, Finley Shuck, for appellees.*